# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRANCH BANKING AND TRUST
COMPANY,

        Plaintiff,

v.                                    Case No:  6:09-cv-1608-Orl-36GJK

FM BAYBERRY COVE HOLDING,
LLC, TIMOTHY C. JELUS, FM
INVESTMENTS, LLC, ARTHUR F.
EVANS, III and HUGH M. EVANS, JR.,

        Defendants.

## ORDER AND REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    ANSWER TO WRIT OF GARNISHMENT AND MOTION FOR GARNISHMENT FEES (Doc. No. 235)
>
> **FILED:**      April 2, 2013
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART**. It is further **RECOMMENDED** that the balance of the motion be **GRANTED**.

On April 2, 2013, Raymond James and Associates, Inc. (the "Garnishee") filed an answer (the "Answer") to Plaintiff's writ of garnishment (Doc. No. 216), stating that it does not have any accounts belonging to the Defendant. Doc. No. 235.[1] In the Answer, Garnishee requests

---

[1] The Garnishee states that while it does not have any accounts holding funds belonging to the Defendants, it believes that Raymond James Financial Services, Inc., a separate and distinct entity, does have accounts belonging

- 2 -

that it be discharged from any and all liability to Plaintiff, and that the Clerk be directed to remit the $100.00 statutory fee to Garnishee. Doc. No. 235 at 1. Pursuant to Section 77.28, Florida Statutes, Garnishee is entitled to the statutory fee and the Clerk is directed to remit $100.00 to Garnishee at the address provided in the motion.

Section 77.061, Florida Statutes, provides that "[w]hen any garnishee answers and plaintiff is not satisfied with the answer, he or she shall serve a reply within 20 days thereafter denying the allegations of the answer as he or she desires. <u>On failure of the plaintiff to file a reply, the answer shall be taken as true and</u> on proper disposition of the assets, if any are disclosed thereby, <u>the garnishee is entitled to an order discharging him or her from further liability under the writ</u>." *Id*. (emphasis added). To date, Plaintiff has not filed a reply. Thus, the Garnishee's Answer, stating that it is not holding any funds belonging to the Defendants shall be taken as true, and Garnishee is entitled to judgment and to be discharged from any and all liability related to the writ.

Based on the forgoing it is **ORDERED** that the Motion is **GRANTED in part** and the **Clerk is directed to remit $100.00 to Garnishee at the address provided in the Motion**. It is also **RECOMMENDED** that the Court **GRANT** the balance of the Motion as follows:

1. Direct the Clerk to enter judgment in favor of Garnishee and against Plaintiff; and

2. Discharge Garnishee from any and all liability related to the writ of garnishment.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

to the Defendants. Doc. No. 235 at ¶ 4.

**DONE** and **ORDERED, and RECOMMENDED** in Orlando, Florida on April 26, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties